UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIDIA CALDERON,

    *Plaintiff*,

v.

NANCY A. BERRYHILL, Deputy
Commissioner for Operations, Social Security
Administration

    *Defendant*.

Civil Action No. 17-494 (RDM)

## MEMORANDUM OPINION AND ORDER

Nidia Calderon, proceeding *pro se*, filed this action against the Social Security Administration ("SSA"), seeking the payment of certain retirement benefits. The SSA has moved to dismiss for lack of subject matter jurisdiction on the grounds that Calderon failed to exhaust her administrative remedies. Dkt. 22 at 5. The SSA's motion addresses a different social security claim than the ones asserted in the complaint and will, therefore, be **DENIED**.

### I. BACKGROUND

Calderon brought this Social Security action in D.C. Superior Court on February 2, 2017. *See* Dkt. 1-1 at 1. Although the precise nature of her claims is unclear, the Court must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Based on the complaint and other filings, it appears that Calderon believes that she may be entitled to a larger share of her ex-husband's retirement benefits, *see* Dkt. 1-1 at 17; Dkt. 16 at 2–3, 6–7, and that she also wants the SSA to delay payment of her own benefits, *see id.* at 1, 8. She also requests an "earnings record" for her ex-husband so that she can calculate the precise amount that she asserts she is owed. Dkt. 1-1 at.1.

The SSA removed the case to this Court, Dkt. 1, and moved to dismiss for lack of subject matter jurisdiction based on Calderon's failure to exhaust, Dkt. 12. Calderon opposed dismissal. Dkt. 16. Although she did not address the Department's exhaustion argument, she asserted that her action concerned "a pending appeal case of fraudulent retirement and benefits payment[s]." *Id.* at 1. The Court denied the SSA's motion without prejudice because the SSA had failed to file any of the exhibits referenced in its motion and, as a result, Calderon did not have the opportunity to respond to the SSA's factual assertions in her opposition brief. *See* Minute Order (Jan. 18, 2018).

The Department then renewed its motion, again urging the Court to dismiss Calderon's suit for lack of subject matter jurisdiction. Dkt. 22. After the Court advised Calderon of the potential consequences of failing to respond to the SSA's motion to dismiss, Dkt. 23, Calderon filed a response in which she faulted the SSA for not responding to her "motion to settle [her] case involving her [ex-]spousal share of his retirement" and expressed frustration regarding the delay in resolving her case and her request for a statement of her ex-husbands "life earnings," her "share of his assets," and her request to delay receipt of social security retirement benefits until she turns seventy. Dkt. 27 at 1–2. To ensure that Calderon received an adequate opportunity to address the exhaustion defense raised in the SSA's motion to dismiss, the Court extended Calderon's time to respond to the SSA's motion to dismiss. Dkt. 26. Calderon submitted a response to this order stating that she "ha[s] not conceded," wants her "arguments to be considered," and "do[es] not want [her] case and claims dismissed." Dkt. 30 at 1.

## II. ANALYSIS

The SSA argues that Calderon has failed to exhaust her administrative remedies with respect to "an application for supplemental security income" that she filed on April 22, 2011. Dkt. 22 at 2; *see* Dkt. 22-1 at 2–3 (Levine Decl. ¶ 3). The declaration attached to the SSA's renewed motion states that the SSA determined that Calderon was not disabled on July 22, 2011; that she requested reconsideration on August 1, 2011; that the SSA affirmed its determination on February 8, 2012; that Calderon requested a hearing before an administrative law judge ("ALJ") on February 28, 2012; that the ALJ dismissed the request for a hearing on September 27, 2012 "because [Calderon] did not appear . . . for the hearing;" that Calderon requested review of the dismissal by the Appeals Council on November 10, 2012; and, finally, that the Appeals Council denied her request for review on December 12, 2012. *Id.* The SSA concludes that because "the Appeals Council's denial notice did not include the right to court review of the ALJ's dismissal action," Calderon has not "obtained a judicially reviewable" final decision. Dkt. 22 at 5.

Having reviewed the SSA's evidentiary submission, it appears that the agency's motion to dismiss has nothing to do with the claims that Calderon has brought. The SSA's motion to dismiss asserts that Calderon has failed to exhaust administrative remedies relating to a claim that she filed in 2011 for supplemental security income ("SSI") on the basis of an alleged disability. *Id.* at 2. That claim for SSI benefits, however, is not the claim that Calderon raises here. Rather, although admittedly not a picture of clarity, Calderon's complaint seeks relief relating to her and her ex-spouse's retirement benefits. *See, e.g.*, Dkt. 1-1 at 2 ("A retirement payment is an investment . . . that accrue[s] interest . . . every year[,] [and the SSA] is suppose[d] to compound . . . interest annually. . . . This has not been done . . . for myself or my [ex-]spouse."). The sole reference in the complaint to anything that might even mistakenly be

3

viewed as seeking SSI disability benefits is Calderon's use of the word "Blind." But, taking a moment to read the sentence in which that word appears reveals that Calderon means no such thing. Rather, the point she is making is that she just wants an accounting of her ex-spouse's earnings to avoid agreeing "in the Blind" to the amount she is due. Dkt. 1-1 at 5. Calderon's other filings in this matter confirm that her complaint involves retirement benefits, not a claim for SSI disability benefits, *see, e.g.*, Dkt. 16 at 1 ("I'm requesting . . . delay of my personal retirement . . . and request[ing] . . . one half . . . of my [ex]-husband[']s total . . . retirement earnings."), and, moreover, explicitly state that she "is not filing for SSI because [she is] not disabled, blind, or within 2 month of the age 65 or older," *id.* at 6. Finally, Calderon attaches correspondence with the SSA to her filings, and those documents bear dates that do not match the dates to which the SSA's motion refers. *See* Dkt. 20 at 3 (notice of an unfavorable decision dated June 22, 2016); *id.* at 4 (Calderon's request for reconsideration on her "retirement claim" received on June 6, 2017).

Because the SSA has now twice moved to dismiss a claim that Calderon has not brought, the Court will deny the SSA's motion. That said, the Court has two remaining concerns. First, as Calderon has stressed, this case has been replete with filings that have done nothing to advance the case to conclusion. Second, although the SSA's motions to dismiss have failed to advance the ball, Calderon's complaint tests the limits of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court understands that Calderon is proceeding *pro se* and that, as a result, her filings are held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1995)). There are limits, however, to

that admonition and, ultimately, the defendant and the Court must be able to discern the factual and legal basis for the plaintiff's claim.

As a result, and cognizant of this Court's obligation to manage the litigation in a manner that promotes "the just, speedy, and inexpensive determination of [the] action," Fed. R. Civ. Pro. 1, the Court will order that the parties meet and confer regarding the nature of—and basis for—Calderon's claims and any defenses the SSA may have and that they file a joint status report setting forth their respective factual and legal positions and proposing a schedule for resolving this matter in an expeditious matter.  In addition, the Court will order that the parties appear for a status conference to address how best to proceed towards a prompt resolution of this case.

## CONCLUSION

For the reasons set forth above, the SSA's renewed motion to dismiss for failure to exhaust is **DENIED**; the parties are **ORDERED** to meet and confer and to file a joint status report on or before September 7, 2018; and the parties are **ORDERED** to appear for a status conference on September 14, 2018, at 11:30 am in Courtroom 21.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:   August 22, 2018